IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY MCKNIGHT, § | | |
| TDCJ-CID NO. 781305 § | | |
|     Petitioner, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-1936 |
| § | | |
| NATHANIEL QUARTERMAN,[1] Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM AND ORDER GRANTING
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending[2] is Respondent's Motion for Summary Judgment with Brief in Support[3] (Document No. 36), and Petitioner's Federal Application for Writ of Habeas Corpus with Brief in Support (Document No. 11). Having considered Respondent's motion,[4] the Memorandum and Order Granting Respondent's Motion for Summary Judgment in part (Document No. 35), the state court records, the applicable law, and claims raised by Petitioner in his § 2254 application, the Court

---

[1] The original respondent in this action was Douglas Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Quarterman is automatically substituted as a party.

[2] On April 15, 2006, upon the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 33.

[3] This is Respondent's second Motion for Summary Judgment. The original motion was granted in part on August 8, 2006, and the Court ordered that Respondent file a further responsive pleading to address an overlooked claim. *See* Document No. 35.

[4] Petitioner neither filed a response to Respondent's second motion, nor did he address disciplinary case no. 20010157480 in his initial Objection to Summary Judgment. *See* Document No. 28.

ORDERS, for the reasons set forth below, that Respondent's Motion for Summary Judgment is GRANTED.

## I.     Procedural History

Tony L. McKnight ("McKnight") is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") as a result of a 1997 felony conviction for indecency with a child/exposure in the Tarrant County, Texas Criminal District Court Number Two, Cause No. 8064754W, for which McKnight was sentenced to twenty years imprisonment. McKnight does not challenge that conviction in this proceeding. Rather, he challenges the results of a prison disciplinary proceeding,[5] disciplinary case no. 20010157480, in which he was found guilty on February 14, 2001, of possession of contraband, and pursuant to which he had his class status reduced from S-4 to L-1, and was sentenced to solitary confinement. McKnight does not allege whether he filed a step one or step two grievance for this case.

Respondent argues in the Motion for Summary Judgment that McKnight's challenge to the result of disciplinary case no. 20010157480 is time-barred, and that McKnight failed to exhaust state court remedies. McKnight did not file a response.

## II.    Discussion – Statute of Limitations

Respondent argues in the Motion for Summary Judgment that McKnight's claims relative to disciplinary case no. 2001057480 are time-barred. According to Respondent, under 28 U.S.C. § 2244(d), McKnight had one year from the date he was found guilty in disciplinary case no.

---

[5]While the petition challenges four prison disciplinary proceedings, the Court ordered the other three dismissed. *See* Document No. 35.

20010157480 on February 14, 2001, to file a timely § 2254 application. Because this proceeding was not filed until May 22, 2005, Respondent maintains this action is time-barred.

Pursuant to the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 applicants are subject to a one-year limitation period. Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of - -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In this case, the record shows that McKnight was found guilty in disciplinary case no. 20010157480 on February 14, 2001. It was on that date that the factual predicate of McKnight's claims related to the disciplinary proceeding could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(D).[6]

---

[6] It cannot be said, pursuant to § 2244(d)(1)(A) that McKnight's claims accrued on "the date on which the judgment became final by the conclusion of direct review," because there is no allegation of grievances filed relating to case no. 20010157480. Even if McKnight had followed

Section 2244(d) also provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). McKnight does not claim to have filed grievances related to disciplinary case no. 20010157480. As a result, no tolling took place. This § 2254 proceeding, filed by McKnight on May 22, 2005, was filed over three years beyond the limitations period and is time-barred.

Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus application. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). The Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402).

---

the two-step grievance process, § 2244(d)(1)(A) applies to a "judgment entered by a state court, not the result of a prison disciplinary hearing. *See Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). In addition, the one year limitations period does not run from the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action" under § 2244(d)(1)(B), because McKnight has not alleged that he was impeded from filing his § 2254 application by any State action. Finally, the one year limitations period does not run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2244(d)(1)(C) because none of McKnight's claims are based on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable.

The record neither demonstrates any rare and exceptional circumstances nor gives any indication that McKnight diligently attempted to meet the deadline and/or was misled. While McKnight claims that his legal documents have been confiscated on many occasions, the first such occasion was on July 12, 2002. *See* Document No. 11 (Affidavit in Support of Injunctive Relief). As the deadline for a timely filing of McKnight's habeas claim was February 14, 2002, McKnight makes no claim that he was prevented from asserting his rights as pertain to this claim in a timely manner. As such, the remedy of equitable tolling does not apply in this situation to cure the effect of the time-bar.

### III.    Discussion – Exhaustion

Respondent further argues that McKnight cannot properly seek federal habeas corpus relief because he has not exhausted his state law remedies. Respondent claims that McKnight did not file a step one or step two grievance concerning disciplinary case no. 20010157480. The record supports this contention and McKnight does not refute it.

Federal habeas corpus petitioners are required to exhaust their available state law remedies. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The exhaustion requirement exists whether the petitioner is challenging his conviction or a prison disciplinary action. *See Foley v. Cockrell*, 222 F. Supp.2d 826, 828 (N.D. Tex. 2002); *see also Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980), *cert. denied*, 449 U.S. 1085 (1981). An inmate who challenges a prison disciplinary proceeding must exhaust his state law remedies by following "the two-step prison grievance process." *Foley*, 222 F. Supp.2d at 828. Under this process, an inmate must file a "step one" grievance within fifteen days of the occurrence which is the basis of the grievance. Then, the inmate has fifteen days from the date the step one grievance

is denied to file a step two grievance. Upon completion of the two-step grievance process, an inmate who is challenging a prison disciplinary proceeding is considered to have exhausted his state law remedies. *See Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (declining to entertain claims related to a prison disciplinary proceeding in a state habeas corpus proceeding, and determining that such claims are to be resolved within the administrative framework provided by the Texas Department of Corrections).

As McKnight does not claim having completed the two-step grievance process, his state law remedies are unexhausted. Additionally, because there is no mechanism for McKnight to now exhaust his state law remedies, McKnight's unexhausted claims are also procedurally barred from review.

## IV.    Conclusion and Order

Based on the foregoing and the conclusion that McKnight's claims relative to disciplinary case no. 20010157480 are not timely under 28 U.S.C. § 2244(d) and that neither an extension of the limitations period nor equitable tolling is available, it is

ORDERED that Respondent's Motion for Summary Judgment (Document No. 36) is GRANTED, and Petitioner Tony L. McKnight's habeas claims related to disciplinary case no. 20010157480 are dismissed with prejudice as time-barred. It is further

ORDERED that Plaintiff/Petitioner Tony McKnight shall, within twenty days after the entry of this Order, set forth the civil rights claims he alleged in his original pleading(s) in this case, *see* Document No. 7 ("The plaintiff's civil rights claims will be considered after this Court has first reviewed the habeas aspects of the case."), by filing a complaint for violation of civil rights. **Failure to do so will result in the dismissal of any such claims Plaintiff/Petitioner has heretofore**

**attempted to state for want of prosecution.**

Signed at Houston, Texas, this 30th  day of   July, 2007.

Frances H. Stacy
United States Magistrate Judge